FILED'07 JUN 11 17:10USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BOBBY LEE ROYSTER,                )
                                  )        Civil No. 06-199-PA
          Petitioner,             )
                                  )
     v.                           )
                                  )
GUY HALL,                         )
                                  )        OPINION AND ORDER
          Respondent.             )

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

     Attorney for Petitioner

Hardy Myers
Attorney General
Ward D. Marshall
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

     Attorneys for Respondent

///

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. He seeks to challenge his underlying convictions for Assault in the Second Degree and Assault in the Fourth Degree on the basis that he suffered from the ineffective assistance of counsel at trial. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied.

## **BACKGROUND**

On September 10, 2002, petitioner was indicted in Linn County for one count of Assault in the Second Degree and three counts of Assault in the Fourth Degree for crimes committed against his female companion. Respondent's Exhibit 102. At trial, the victim testified that petitioner hit her, choked her, kicked her, and assaulted her with a metal pipe. Respondent's Exhibit 103, pp. 24-28. Although petitioner testified in his own defense and denied any involvement in the crime, the jury believed the victim's version of events and convicted petitioner on all counts. The trial court sentenced him to 70 months on the Assault II conviction, and concurrent one-month terms on the Assault IV convictions. Id at 89-90.

Petitioner filed a direct appeal with the Oregon Court of Appeals, but subsequently moved to dismiss the action. Respondent's Exhibit 105.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County, but the PCR trial court denied relief on all of his claims. Respondent's Exhibits 114-115. The Oregon Court of Appeals summarily affirmed the PCR trial court's decision, and the Oregon Supreme Court denied review. Respondent's Exhibits 118, 121.

Petitioner filed this federal habeas corpus case on February 10, 2006. In his Petition for Writ of Habeas Corpus, petitioner presents the court with a single claim of ineffective assistance of counsel containing eight sub-claims. There are essentially two claims among the sub-claims in this case: (1) counsel failed to adequately investigate the case and prepare for trial; and (2) counsel failed to make appropriate objections. Respondent asks the court to deny relief on petitioner's claims because: (1) the state court findings are entitled to deference; (2) some of the sub-claims are procedurally defaulted; and (3) all claims lack merit.

## DISCUSSION

### I.  Unargued Claims.

In his supporting memorandum, petitioner asserts that he was the victim of ineffective assistance of counsel at trial because his attorney failed to thoroughly investigate and prepare his defense at trial. Petitioner does not provide argument in support of the remaining claims in his *pro se* Petition, nor does he attempt to refute the State's arguments in its Response that these claims

do not entitle him to relief.  The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief.  See 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

II.  **The Merits**.

In this case, petitioner argues that his trial attorney was constitutionally ineffective when he failed to thoroughly investigate his case and prepare it for trial.  Specifically, he asserts that counsel should have: (1) talked with neighbors to determine if they heard any sounds of a scuffle or other violence coming from his apartment; (2) interviewed witnesses who would have testified that the victim routinely became inebriated and either injured herself, or became injured after becoming involved in an altercation; and (3) located witnesses who would testify regarding the victim's veracity.

A.  **Standard of Review**.

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an

4 - OPINION AND ORDER

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." <u>Williams v. Taylor</u>, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Id</u> at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. <u>Id</u> at 410. The state court's application of clearly established law must be objectively unreasonable. <u>Id</u> at 409.

**B.  <u>Analysis</u>.**

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's

performance fell below an objective standard of reasonableness.
Strickland v. Washington, 466 U.S. 668, 686-687 (1984).  Due to the
difficulties in evaluating counsel's performance, courts must
indulge a strong presumption that the conduct falls within the
"wide range of reasonable professional assistance."  Id at 689.

Second, the petitioner must show that his lawyer's performance
prejudiced the defense.  The appropriate test for prejudice is
whether the defendant can show "that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different."  Id at 694.
A reasonable probability is one which is sufficient to undermine
confidence in the outcome of the trial.  Id at 696.

The PCR trial court rendered the last reasoned decision
regarding petitioner's claim, and it made the following findings:

> Okay.  The record should reflect that I perused most
> of the information here.  And I (inaudible) through,
> because I may have done some skip reading through the
> transcript.
>
> But I have a good picture of what took place.  And
> I've looked at specifics to make sure that I'm not
> overlooking something that would be significant insofar
> as either parties to this is concerned.
>
> The chief nature of the complaint for its
> effectiveness of counsel or effective assistance of
> counsel.  And it relates to trial preparation and
> investigation and (inaudible) during the course of the
> trial.
>
> There's a lot of complaints about not finding
> witnesses, not establishing a good viable defense, and
> not obtaining witnesses who would be favorable to the
> Defendant's position.

6 - OPINION AND ORDER

This was a one-on-one situation.  It's a physical altercation between the Petitioner and his lady friend with whom he had been residing I think a year or so.  And it was her word against his.

The problem was she had a multitude of injuries as a result of this physical altercation to her eye, to her head, and other portions of her body.

The complaint was that there were not any hospital records or other medical indicae (sic) that would show that she repeatedly did this as a result of other problems, whether it be self-inflicted or inflicted because of her alcohol consumption or by other people.

And the attorney employed an investigator to check out the situation.  He came up with some potential witnesses, but none of which helped the Petitioner here.

Apparently the Petitioner and his lady friend had carried on like this for some time.  And that's what the potential witnesses were prepared to explain.

It certainly was not effective insofar as defending the Petitioner against the type of charges that were brought in this case.

It appears to me and I so find that the trial counsel handled this matter in a reasonable and capable (inaudible).  That he was effective-

* * * * *

And I find that he did everything that he was required to do insofar as attempting to exonerate the Petitioner from criminal responsibility.

I don't find any dereliction of duties.  The one thing about witnesses was [th]at the Petitioner himself couldn't come up with any witness that necessarily had admissible testimony that would be helpful to his (inaudible).

And of course the attorney can't make miracles.  So I find nothing that would justify post conviction relief. I find nothing even as alleged that would have altered the outcome of this trial.  And therefore, the petition for post-conviction relief will be denied.

7 - OPINION AND ORDER

Respondent's Exhibit 114, pp. 6-8.

As an initial matter, petitioner asks the court not to defer to the state court decision because the PCR trial judge admitted to "skip reading" through the record. However, the PCR trial judge believed that he had a "good picture of what took place" and "looked at specifics to make sure that [he was] not overlooking something that would be significant. . . ." Respondent's Exhibit 114, p. 6. The court therefore gives deference to the state court decision.

In his PCR deposition, it was clear that petitioner wanted his criminal trial attorney to develop a defense that the victim had suffered her injuries after: (1) becoming inebriated and falling down; or (2) taking part in a drunken physical altercation with an unknown individual; or (3) suffering a seizure. Specifically, petitioner claimed that he asked his attorney to talk with his neighbors, various doctors who had previously examined the victim, and a hospital counselor to support such a defense.

The PCR trial court reviewed an affidavit obtained from petitioner's attorney at the criminal trial. Counsel stated he had retained an investigator to assist with the case. That investigator interviewed the victim and found her to be credible. Respondent's Exhibit 111, p. 2. The investigator also interviewed the victim's daughter, and "perhaps one other individual from the area of the alleged crimes." Id. Counsel concluded "the witnesses

8 - OPINION AND ORDER

[the investigator] interviewed would not have been beneficial to our defense. . . ." Id. Counsel further attested he was unable to find any evidence to support any of petitioner's alternative theories pertaining to the cause of the victim's injuries. Id.

Even assuming, *arguendo*, that counsel's performance fell below an objective standard of reasonableness, petitioner has not made a sufficient showing of prejudice. Whether a more diligent investigation would have uncovered witnesses helpful to the defense, and whether the testimony of those witnesses might have affected the result, is entirely speculative on this record. Petitioner never provided the PCR trial court with affidavits or other evidence establishing the likely testimony of an omitted witness if such person had been located prior to trial. Petitioner did concede his counsel likely could not have located anyone who actually witnessed how the victim sustained her injuries. Respondent's Exhibit 12 at 23.

Ultimately, petitioner offers nothing more than speculation that a favorable witness might have existed. That is insufficient to meet petitioner's burden of proof. Petitioner has not shown "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

The PCR trial court's decision denying relief on this claim was not based on an unreasonable determination of the facts in

light of the evidence presented, and was neither contrary to nor an unreasonable application of clearly established federal law.

### **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this __//__ day of June, 2007.

_____
Owen M. Panner
United States District Judge

10 – OPINION AND ORDER